UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRIE PRICE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 14-cv-13662

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 23)**, OVERRULING PRICE'S OBJECTIONS** (document no. 24) **GRANTING COMMISSIONER OF SOCIAL SECURITY'S MOTION FOR SUMMARY JUDGMENT** (document no. 21) **AND DENYING PRICE'S MOTION FOR SUMMARY JUDGMENT** (document no. 20)

The Commissioner of the Social Security Administration denied plaintiff and claimant Caprie Price's application for a period of disability and disability insurance benefits. After the SSA Appeals Council declined to review the decision, Price appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation advising the Court to grant the Commissioner's motion and deny Price's motion. Price filed a timely objection. The Court has reviewed the filings and will overrule the objections, adopt the Report, grant the Commissioner's motion, and deny Price's motion.

**BACKGROUND**

The Administrative Law Judge's ("ALJ") order contains a thorough overview of Price's health problems. A.R. 72–80, ECF No. 8-2. Price has not objected to the ALJ's description of the background to the case; rather, she objects to the ALJ's analysis. The Court will

therefore adopt the summary of the medical evidence contained in the ALJ's order. The Court will provide additional factual background as necessary.

## STANDARD OF REVIEW

A claimant may appeal a Social Security Administration decision to a United States district court. 42 U.S.C. § 405(g). The district court's review, however, "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Id.* (citations omitted). Nonetheless, an "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Id.* (citations omitted). When evaluating an ALJ's determination, the Court must review the record, and the ALJ's decision, as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997).

## DISCUSSION

I. <u>Weight of Dr. Sayyid's Opinion</u>

Price's first objection is that the ALJ failed to properly explain the weight that he gave to Dr. Sayyid's opinion. Dr. Sayyid examined Price in January 2012. In his opinion, he indicated that Price could stand, but "not for long." A.R. 350, ECF No. 8-7. He also noted that Price could not lift more than sixteen pounds. *Id.* The ALJ found Dr. Sayyid's opinion to be "consistent with clinical examination and the evidence of record as a whole," and

2

therefore awarded it "great weight." A.R. 80, ECF No. 8-2. The above stated limitations were, however, inconsistent, with the ALJ's residual functional capacity determination ("RFC"). The ALJ found that Price could perform a full range of light work, A.R.. 74, which included jobs that require "a good deal of walking or standing" and "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. 404.1527(b).

Price contends that the Court must remand the case to the ALJ so that he can reconcile the RFC and Dr. Sayyid's opinion. But an ALJ is not required to adopt all of an examining source's findings, even if the ALJ gives the opinion great weight. *See Smith v. Comm'r of Soc. Sec.*, Case No. 11-cv-2104, 2013 WL 1150133, at *11 (N.D. Ohio Mar. 19, 2013) ("Simply put, there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight."). And in the present case, the ALJ thoroughly recounted Dr. Sayyid's findings. A.R. 76. Absent from the ALJ's recitation was Dr. Sayyid's notation that Price could stand, but "not for long," or the limitation that she could only lift sixteen pounds. The ALJ's decision not to include the restrictions suggests that he did not intend to adopt that limitation. Indeed, Dr. Sayyid's opinion regarding Price's ability to stand and lift were conclusory and did not explain the basis for his determination. Furthermore, the Court has reviewed the ALJ's order and the evidence as a whole, and finds that the ALJ's decision not to incorporate those limitations into the RFC was supported by substantial evidence. The ALJ noted Price's statements to a physician in 2011 that her job required her to lift heavy items, A.R. 77, which was consistent with her testimony at the hearing that she regularly lifted fifty pounds or more, A.R. 47. And the ALJ

noted the lack of work restrictions from her treating physicians, her prior denials of fatigue and weakness, and her reported daily activities. A.R. 79.

Price's first objection is therefore overruled.

II.  Carpel Tunnel Syndrome and Diabetic Neuropathy

Price also argues that the ALJ failed to consider or reconcile the conflicting evidence relating to carpel tunnel syndrome and diabetes. After reviewing the ALJ's opinion as a whole, the Court finds that the ALJ's RFC is supported by substantial evidence. As stated above, the ALJ found that Price could engage in light work. He noted that she suffered from carpel tunnel syndrome, an ailment that causes tingling and numbness in the hands. Similarly, she alleged that she suffered from diabetic neuropathy, which may cause tingling in the extremities. Price testified that the pain and numbness in her extremities was debilitating. The ALJ determined that while she had been diagnosed with carpel tunnel syndrome, her statements about the extent of her limitations were not credible. A.R. 79. He noted that the record revealed some pain and numbness, but not to the extent that she claimed. Furthermore, earlier in the opinion he noted that she had not worn or been prescribed braces for her wrists. A.R. 76. She had not had surgery on her wrists. And none of her doctors imposed restrictions on her daily activities or work. A.R. 79. The ALJ's opinion — that she suffered from some tingling in her extremities but that it was not as severe as she claimed — was supported by the record, and reflected in the RFC limiting her to light work. Moreover, Price's argument that the ALJ failed to reconcile inconsistent facts is not well taken: a patient could have some tingling in her fingertips and slightly reduced grip strength, for example, but not require surgery, braces, or any work limitations. The ALJ's findings to that effect are not inconsistent, and do not require a remand.

Price's second objection will therefore also be overruled.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 23) is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Objections (document no. 24) are **OVERRULED.**

**IT IS FURTHER ORDERED** that Price's Motion for Summary Judgment (document no. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that the Social Security Administration's Motion for Summary Judgment (document no. 21) is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager